## PISANELLO v POLINORI

Ohio Appeals, 5th Dist, Stark Co

No 1789. Decided Oct 17, 1938

C. M. Shetler, Canton, and Glenn W. Vogelgesang, Canton, for appellee.

L. J. Contie, Canton, and T. M. Jones, Canton, for appellant.

## OPINION

By LEMERT, J.

In the court below this was a proceeding brought by the appellee, Loretta Pisanello. a minor, against Ulisse Polinori and Lucy Polinori, involving injuries sustained by Loretta Pisanello as an employee, by reason of the claimed negligence of the defendant employers. Upon a cause of action based upon the common law liability of the employers, it was conceded at the trial that Ulisse Polinori, although amenable to the Industrial Commission Act, had not complied therewith or paid the required premiums into the Commission, in order to avail himself of the protection of the Industrial Commission statutes. The action was dismissed by the trial court at the end of the plaintiff's case as to Lucy Polinori, and was continued against Ulisse Polinori, appellant herein.

The undisputed facts, as shown by the record, may be briefly stated as follows: On July 15tn, 1936, Loretta Pisanello, then a minor of the age of approximately fifteen years, while in the employ of Ulisse Polinori, in his combined business of restaurant and grocery store, was injured, sustaining the loss of four fingers in a meat grinaing machine which she was operating.

On July 31st, 1936, she filed her application with the Industrial Commission of Ohio for determination, under §1465-74, GC, of compensation for her injury. An application was prepared and Loretta Pisanello signed the same, and we have carefully considered the evidence in the record surrounding this signature and we are satisfied, looking to the age and condition of this little girl at that time that she did not know and realize what she was signing and what might be the result of the signature.

On April 13th, 1937, an application originally filed for an award came on for hearing before the Industrial Commission and on that date an award was made in favor of the claimant therein, in the sum of $588.00, and notice was given to the appellant, Ulisse Polinori, within ten days to comply with the finding by paying said sum of $588.00, and also to further pay the doctor and. hospital bills incurred by the injured claimant.

The record discloses that on August 3rd, 1937, the appellant complied with the order of the commission by sending into the commission his check for $588.00. He also paid the hospital expense amounting to $39.00 and a doctor bill amounting to $50.00. Thereafter, on August 11th, 1937, the application for the additional award filed by the claimant came on for hearing before the commission and the commission denied the application for additional compensation and ordered the check for $588.00 sent through for collection and also made a finding that the order of April 13th, 1937 had been complied with by the employer. The record then discloses that the commission then sent its own voucher in the amount of the award to the claimant, the appellee herein, and that at that time the claimant refused to accept this check, returned it to the commission and commenced the action on the common law liability of the employer, which is the action now before this court.

Subsequently, the claimant filed a motion before the commission to vacate its order of April 13th, 1937, and on November 3rd, 1937, the Industrial Commission of Ohio vacated the award previously made on April 13th, 1937, and thereby terminated the proceedings before the Industrial Commission.

The answer of the defendant, Ulisse Polinori, after a general denial of the allegations of the petition, interposed three defenses: first, a general denial; second, a defense of election and estoppel; and a third defense of satisfaction.

The appellee-plaintiff, by way of reply, admitted substantially the allegations of the answer as to the proceedings before the Industrial Commission, and she further pleaded that her signature was procured upon the application originally filed pursuant to §1465-74 GC, "by virtue of certain promises, representations and inducements by the defendants and their attorney, none of which were fulfilled, and without their' advising her at any time of her alternative rights and remedy under §1465-73 GC.

Prior to the enactment of present §1465-75, GC, old §1465-76 GC was repealed on July 8th, 1931. The old section read as follows:

"Sec 1465-76 GC. But where a personal injury is suffered by an employee, or where death results to an employee from personal injury while in the employ of an employer in the course of employment, and such employer had paid into the state insurance fund the premium provided for in this Act, or is authorized directly to compensate such employee or dependents by virtue of compliance with §22 of this Act (§1465-69 GC), and in case such injury has arisen from the wilful act of such employer or. any of

such employer's officers or agents, or from the failure of such employer or any of such employer's officers or agents to comply with any lawful requirements for the protection of the lives and safety of employees, then in such event, nothing in this Act contained shall affect the civil liability of such employer, but such injured employee, or his legal representative in case death results from the injury, may, at his option, either claim compensation under this Act or institute proceedings in the courts for his damage on account of such injury; and such employer shall not be liable for any injury to any employee or his legal representative in case death results, except as provided in this section; and in all actions authorized by this section, the defendant shall be entitled to plead the defense of contributory negligence and the defense of the fellow servant rule; and, in all cases determined in court as authorized by this section, when a judgment is awarded the plaintiff, the court shall determine, fix and award the amount of fee or fees to be paid plaintiff's attorney or attorneys, any contract to the contrary notwithstanding.

"Application for award or acceptance of compensation waives right of action. Every employee or his legal representative in case death results, who makes application for an award, or accepts compensation from an employer who elects, under §22 of this Act, directly to pay such compensation waives his right to exercise his option to institute proceedings in any court, except as provided in §43 hereof. Every employee, or his legal representative in case death results, who exercises his option to institute proceedings in court, as provided in this section, waives his right to any award, or direct payment of compensation from his employer under §22 hereof, as provided in this Act.

"The term 'wilful act' as employed in this section, shall be construed to mean an act done knowingly and purposely with the direct object of injuring another."

Under this old section, the cases almost uniformly held that if an employee applies to the Industrial Commission for compensation and a finding is made in his favor or he accepts compensation, he is estopped from maintaining an action for damages and claiming that he was in the employ of the defendant or that his injury was received in the course of employment. In other words, under the old section, a mere filing of an application with the Industrial Commission of Ohio constituted a

waiver and it was a matter of statutory election.

As before stated, §1465-76 GC has been repealed. However, §1465-74, GC, which was at that time a part of the Code, still remains in force and it is under this section that the application was filed.

As before stated, and in order to justify themselves and to leave no question concerning the effect of the award in this case open, the appellee plaintiff filed an application with the commission for the vacation of this award. The question then becomes open as to whether or not the Industrial Commission had any jurisdictional authority whatsoever in hearing this application for vacation. Under the Code, the Industrial Commission has jurisdiction to hear and determine two questions and two questions only: First, that of whether or not the injury was compensable, and second, the amount of compensation to be paid.

Cases arising under statutory provisions, such as the Workmen's Compensation Act, §1465-76 GC, providing that one electing to proceed under the Industrial Commission Act is barred from maintaining a suit at law, do not apply. Such cases do not apply for the reason that they arise under purely statutory provisions. **Conrad v Ohio Coal Co., 107 Oh St 387. Carnegie Steel Co. v Zebich, 108 Oh St 449.**

Therefore, even if it should be assumed that the appellee in the instant case actually knew of the alternative remedies the law gave her, since the employer was non-complying she could not in this case be precluded from pursuing her remedy in a civil action in the Common Pleas Court, for the reasons: First, that appellee received no benefit; second, no detriment was imposed; third, no remedy was pursued to final judgment.

The State Industrial Commission is not a court, but an administrative body, and the awards of the same do not take on the full character of judgments.

From a careful study of this record, we are of the opinion that the appellee was not advised of her alternative rights and remedies. We arrive at this conclusion from the testimony in the record at page 59 of the bill of exceptions.

A case similar to the instant case is **The Cleveland Akron Bag Co. v Rodatt, a minor, 26 Oh Ap 233,** that being a case where a seventeen year old boy signed an application for compensation under the inducement of some money, not being told of the alternative civil action the law gave him,

and was sent a check which, with others, was tendered back when the boy was later informed of the alternative remedy. Suit was brought in Common Pleas Court and the employer set up the defense of election of remedies, by virtue of the prior application for compensation. The court in its opinion, at page 237 says:

"An election means a choice, and if no choice was put to applicant you could hardly say there was an election."

On page 239 the court says:

"As already stated, a man, to elect, must know what the two or more alternatives are, if there be more, so that he may have a choice. The statute says that he has an option either to sue * * * for damages or to choose to take compensation. In order to choose, he must know what his rights are, and under the circumstances, considering this boy's age, his serious injuries, and pain, it would seem that only common decency would have demanded that he be given a right of option by being told what his legal rights were."

In the instant case, the appellee in her testimony makes quite clear that she was not advised and did not learn of her right to sue for damages until she came to her present attorneys several weeks before filing the action which is the subject of this appeal. Quoting from the record:

"Q. Now, when were you first advised and when did you first learn that you had the right to sue Mr. and Mrs. Polinori for damages for this accident?

A. That day that we came to your office.

Q. And when was that, Loretta—how long before this action was filed?

A. Oh! that—I don't know.

Q. Well, was it several weeks or something of that kind?

A. Yes.

Q. Was it after you had been to Mr. Contie's office?

A. Yes.

Q. Did you learn or did you know at any time before you came to my office, just before this action was filed, that you had the right to either sue or go before the Industrial Commission?

A. No."

If we are to take the view that there was a continuing jurisdiction of any nature, then it must follow that the Industrial Commission may revoke an award theretofore made whenever in its opinion such revocation is justified. This is so by virtue of the continuing jurisdiction conferred by §1465-86 GC.

The evidence in the instant case shows that the appellee was only fifteen years old and that her parents were induced, while the appellee was still suffering from her injury, about two weeks after she was hurt, to go to the office of an attorney and there, without being informed of her alternative remedy, induced under the promise of money, education and so forth, as shown by the record on pages 58, 59, 89, 90, 101 and 103 of the bill of exceptions, to sign an application for compensation. The Industrial Commission was in turn thus presented with and asked to act upon such an induced application prepared and signed in and sent forth from appellant's attorney's office. We deem it not necessary to comment further upon the circumstances under which this application was signed.

From an examination of the whole of the record we are of the opinion that the judgment of the court below was right and it therefore follows that the same is affirmed. Exceptions may be noted.

MONTGOMERY, PJ, and SHERICK, J, concur.