THE STATE, EX REL. MANNS, APPELLEE, *v.*
INDUSTRIAL COMMISSION OF OHIO, APPELLANT, ET AL.

[Cite as State, ex rel. Manns, *v.* Indus. Comm. (1988), 39 Ohio St. 3d 188.]

(No. 87-992—Submitted August 19, 1988—Decided October 26, 1988.)

*Marvin K. Jacobs Co., L.P.A.,* and *Marvin K. Jacobs,* for appellee.

*Anthony J. Celebrezze, Jr.,* attorney general, *Helen M. Ninos* and *Jeffery W. Clark,* for appellant.

MOYER, C.J. Appellee first asserts that the commission abused its discretionary powers in vacating the March 3, 1981 order without giving notice to appellee. We hold that it did not.

R.C. 4123.52 provides in pertinent part that the Industrial Commission has continuing jurisdiction over each case and has the discretion to "make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion is justified." By virtue of the continuing jurisdiction conferred by R.C. 4123.52, the Industrial Commission may revoke an award heretofore made whenever in its opinion such revocation is justified. *Pisanello* v. *Polinori* (1938),

60 Ohio App. 422, 13 O.O. 401, 22 N.E. 2d 92. This court held in *State, ex rel. Griffey,* v. *Indus. Comm.* (1932), 125 Ohio St. 27, 180 N.E. 376, paragraph one of the syllabus, that the continuing jurisdiction of the Industrial Commission applies only to new and changed conditions occurring after the original award. Decedent's death is a material change in condition since the March 3, 1981 order. Thus, the commission has jurisdiction to review the order.

R.C. 4123.52 does not contain any language requiring the commission to hold a formal hearing in reviewing a prior order. Assuming *arguendo* that a hearing is required before modification of a prior order, appellee is nonetheless not entitled to notice.

R.C. 4121.36(A)(1) mandates that notice be given to all parties and their representatives in all commission hearings. Interested parties in commission proceedings include claimants, employers and administrators. See *State, ex rel. Eltra Corp.,* v. *Indus. Comm.* (1973), 36 Ohio St. 2d 96, 65 O.O. 2d 245, 304 N.E. 2d 239. Appellee did not become a claimant by virtue of her husband's death. Decedent's rights to compensation exist separate and apart from those of appellee. The right of an injured employee to recover exists separate and apart from that of a dependent. *Indus. Comm.* v. *Davis* (1933), 126 Ohio St. 593, 186 N.E. 505. A surviving spouse wishing to participate in the State Insurance Fund must initiate a separate claim. *Ratliff* v. *Flowers* (1970), 25 Ohio App. 2d 113, 54 O.O. 2d 213, 266 N.E. 2d 848. Appellee did not become a party in interest until March 27, 1985, when she applied for accrued compensation and death benefits, and thus was not entitled to a notice of vacation of the March 3, 1981 order.

For the foregoing reasons, we hold that the commission has discretion under R.C. 4123.52 to modify a prior order and is required under R.C. 4121.36(A)(1) to give notice to interested parties.

We now consider whether the Industrial Commission's *sua sponte* review and vacation of the board of review's order of July 10, 1985, amounts to abuse of discretion. We hold that it does not.

As noted earlier, R.C. 4123.52 confers continuing jurisdiction on the commission to make modifications to former findings or orders as it deems justified. An error by an inferior tribunal is a sufficient reason for the commission to invoke its continuing jurisdiction. See *State, ex rel. Highway Co.,* v. *Indus. Comm.* (1980), 70 Ohio App. 2d 41, 24 O.O. 3d 37, 434 N.E. 2d 279. The board's order of July 10, 1985, had the effect of reversing the commission's order of February 13, 1985. The board as an inferior administrative tribunal may not reverse an order of the commission. Furthermore, the board's order exceeded its statutory powers. The authority to issue lump sum payments vests exclusively with the commission. R.C. 4123.64. Thus, it is clear that the commission has discretion to review the board's order.

The commission has the right under R.C. 4123.52 to exercise its discretionary review power *sua sponte.* It has inherent power to reconsider an order for a reasonable time after it is issued, unless restricted by statute or administrative regulations, regardless of whether an appeal from the order is provided by statute. *State, ex rel. Gatlin,* v. *Yellow Freight System, Inc.* (1985), 18 Ohio St. 3d 246, 18 OBR 302, 480 N.E. 2d 487, syllabus. To hold otherwise would severely limit the commission's power to review prior orders.

Accordingly, we hold that the com-

mission's *sua sponte* review of the board of review's order of July 10, 1985, does not amount to abuse of discretion.

Finally, we must decide whether a lump sum advancement constitutes accrued compensation for purposes of R.C. 4123.60. We hold that it does not.

R.C. 4123.60 provides in pertinent part that "[i]n all cases of death from causes other than the injury or occupational disease for which award had theretofore been made on account of temporary, or permanent partial, or total disability, in which there remains an unpaid balance, representing payments *accrued and due to the decedent at the time of his death,* the commission may * * * award or pay any unpaid balance of such award to such of the dependents of the decedent * * *." (Emphasis added.) There is no provision in R.C. 4123.60 permitting the issuance or reissuance of lump sum payments to dependents of a decedent.

The focus of consideration for accrued benefits is retrospective, while the focus for lump sum advancements is prospective. A claimant receiving a lump sum advancement is in effect "taking a loan" against future awards. Such a claimant receives presently the equivalent of what he or she would have received over a future time span. Thus, the lump sum advancement to decedent does not constitute accrued compensation.

As noted previously, appellee did not, by virtue of being a surviving spouse, step into decedent's shoes. Her right to compensation is distinct from decedent's. *Indus. Comm.* v. *Davis, supra.* The right to the lump sum advancement is personal to the decedent. The advancement was based on his life expectancy and the reduction in his weekly benefits. It was not based on any accrued benefits.

Accordingly, we hold that appellee is not entitled to the lump sum advancement. Appellee is only entitled to the portion of the payments that accrued to decedent prior to his death.

The judgment of the court of appeals is reversed in part and affirmed in part.

*Judgment reversed in part and affirmed in part.*

SWEENEY, LOCHER, HOLMES, WRIGHT and H. BROWN, JJ., concur.

DOUGLAS, J., dissents.