THE STATE, EX REL. GORDON, APPELLEE, *v.* INDUSTRIAL
COMMISSION OF OHIO, APPELLANT, ET AL.

[Cite as *State, ex rel. Gordon, v. Indus.
Comm.* (1992), 63 Ohio St.3d 469.]

(No. 90–2104—Submitted January 7, 1992—Decided April 15, 1992.)

470

Richard M. Stein Co., L.P.A., and Richard M. Stein, for appellee.

Lee I. Fisher, Attorney General, and Jeffery W. Clark, for appellant.

Per Curiam. Claimant successfully argued below that continuing jurisdiction was not invoked within a reasonable time. The commission claims that invocation was timely, given the commission's ongoing efforts to correct the overpayment amount. For the reasons to follow, we affirm the appellate court's judgment.

R.C. 4123.52 provides:

"The jurisdiction of the industrial commission over each case shall be continuing, and the commission may make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion is justified."

Continuing jurisdiction is not unlimited. Preliminarily, there must be a showing of: (1) new and changed conditions subsequent to the initial order (State, ex rel. Cuyahoga Hts. Bd. of Edn., v. Johnston [1979], 58 Ohio St.2d 132, 12 O.O.3d 128, 388 N.E.2d 1383); (2) fraud (State, ex rel. Kilgore, v. Indus. Comm. [1930], 123 Ohio St. 164, 9 Ohio Law Abs. 62, 174 N.E. 345); or (3) clerical error (State, ex rel. Weimer, v. Indus. Comm. [1980], 62 Ohio St.2d 159, 16 O.O.3d 174, 404 N.E.2d 149). More recently, we expanded the list to include an error made by an inferior tribunal. State, ex rel. Manns, v. Indus. Comm. (1988), 39 Ohio St.3d 188, 529 N.E.2d 1379.

Claimant persuasively challenges the existence of any of these prerequisites in this case. Neither fraud nor clerical error has been alleged. Evidence of new and changed circumstances is also lacking, since evidence of a possible district hearing officer miscalculation was contemporaneous with, not subsequent to, the district hearing officer's 1984 order. It must be stressed that at the time the district hearing officer calculated the overpayment amount, there were two 1982 commission/bureau memos that set claimant's overpayment at $6,833.61 and $8,977.90, respectively. Thus, immediately upon issuance of the

district hearing officer's order, there was evidence suggesting that his computation was incorrect.

Relying on *Manns, supra,* the commission argues that the district hearing officer's calculation "error" is sufficient to invoke continuing jurisdiction. We are not persuaded. The record currently contains at least six different overpayment calculations ranging from the district hearing officer's low of $4,455 to a high of $8,977. Since the commission and bureau apparently do not know the right amount, we view suspiciously their adamant claim that the district hearing officer's figure is wrong.

Assuming *arguendo* that one of the preliminary conditions for continuing jurisdiction exists, the commission abuses its discretion when it fails to exercise its continuing jurisdiction within a reasonable time. *State, ex rel. Gatlin, v. Yellow Freight System, Inc.* (1985), 18 Ohio St.3d 246, 18 OBR 302, 480 N.E.2d 487. Reasonableness depends on the circumstances of each case. In this instance, the approximately four years that elapsed between the district hearing officer's 1984 overpayment calculation and the bureau's 1988 motion to vacate is not reasonable.

Three dates are key here: (1) December 27, 1984—the date of the district hearing officer's overpayment calculation; (2) May 22, 1987—the date on which another district hearing officer found the overpayment question to be *res judicata;* and (3) August 30, 1988—the date of the bureau's motion to vacate. As to the first date, we reiterate that when the district hearing officer issued his December 1984 order, other evidence suggested that the district hearing officer's figure was wrong. The bureau, however, did not appeal the district hearing officer's order. Moreover, in the two and one-half years between that order and the May 22, 1987 follow-up, the commission made no effort to exercise its continuing jurisdiction.

Similarly, when a different district hearing officer found the overpayment issue to be *res judicata* in 1987, the commission and bureau had three additional overpayment calculations before it, including its *own tentative order* setting the overpayment at $6,051.94. Again, the bureau did not appeal. Again, no immediate effort to exercise continuing jurisdiction was made. Instead, the bureau waited over fifteen months before acting.

In summary, the bureau had *two* opportunities to appeal district hearing officer orders addressing the overpayment question. Ignoring these opportunities, the commission waited approximately four years—until claimant had repaid the $4,455 that the unappealed district hearing officer's 1984 order had stated that she owed—to exercise continuing jurisdiction. Under these cir-

cumstances, the commission did not exercise its authority within a reasonable time.

For these reasons, the judgment of the appellate court is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.