[This opinion has been published in *Ohio Official Reports* at 89 Ohio St.3d 390.]

THE STATE EX REL. MCDULIN, APPELLANT, *v.* INDUSTRIAL COMMISSION OF

OHIO, APPELLEE.

[Cite as *State ex rel. McDulin v. Indus. Comm*., 2000-Ohio-205.]

*Workers' compensation—Industrial Commission does not abuse its discretion in*
*failing to include claimant's form 1999 "miscellaneous income" in the*
*computation of claimant's average weekly wage.*

(No. 98-1593—Submitted April 25, 2000—Decided August 9, 2000.)

APPEAL from the Court of Appeals for Franklin County, No. 97APD06-763.

_____

{¶ 1} In early 1995, appellant-claimant Stephen G. McDulin filed applications for workers' compensation benefits with the Bureau of Workers' Compensation. He alleged wrist problems stemming from an October 20, 1994 fall, while employed at Contract Communications Company ("CCC"). His employer certified the claim as valid but expressed concern over the extent of claimant's disability.

{¶ 2} Based on the employer's certification, the claim was apparently allowed without hearing. CCC appealed the decision, seemingly contesting the validity of the claim and/or the payment of further compensation. That appeal was dismissed as untimely by the appellee, Industrial Commission of Ohio.

{¶ 3} At the same time, the Bureau of Workers' Compensation set claimant's average weekly wage ("AWW") and full weekly wage at $782.69, based on wages of $33,096.46 divided by 42 2/7 weeks. Twenty months later, CCC sent a letter to the bureau, which alleged that claimant's claim was fictitious and fraudulent. For reasons that are not clear, the commission interpreted the letter as a request to review claimant's full weekly and average weekly wages. A district hearing officer halved the amount of claimant's AWW, writing:

"It is the order of the District Hearing Officer that the Average Weekly Wage is set at $391.11.

"Based upon the reported wages [for] the year prior to the injury[,] of $20,337.67 divided by 52 weeks worked. The claimant appears to have received other monies that were reimbursement for truck and tools, etc. These monies were not shown to be wages for purposes of including the amount in the figuring of the Average Weekly Wage. Per the claimant's contract, he had to provide a list of tools and safety equipment which he appears to have been reimbursed for per testimony and pay records. Reimbursement for the use of claimant's truck may have been part of the reimbursement plan.

"The wages of $20,337.67 is [*sic*] based upon the accountant's 10-2-96 correspondence and employer documents reporting wages for the claimant."

{¶ 4} A staff hearing officer modified the calculation slightly:

"The full weekly wage and average weekly wage are set at $400.00 based on testimony and evidence that claimant was being paid $10.00 per hour and normally worked a 40 hour week. The remainder of claimant's remuneration consisted of expense reimbursements (*i.e.*, per diem of lodging and meal expenses, and expenses for the use of claimant's truck and tool[s]), which are not properly includable in claimant's wages for purposes of calculating the full weekly wage and average weekly wage. Claimant has not submitted any evidence in the form of tax records (*e.g.*, 1040s) to rebut this."

{¶ 5} Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in lowering his AWW. The court of appeals disagreed and denied the writ.

{¶ 6} This cause is now before this court upon an appeal as of right.

_____

*Phillip J. Fulton & Associates* and *William A. Thorman III*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Gerald H. Waterman*, Assistant Attorney General, for appellee.

_____

***Per Curiam.***

{¶ 7} "The average weekly wage of an injured employee at the time of the injury or at the time disability due to the occupational disease begins is the basis upon which to compute benefits." R.C. 4123.61.

{¶ 8} The "standard formula for establishing [average weekly wage] is to divide claimant's earnings for the year preceding injury by fifty-two weeks." *State ex rel. Clark v. Indus. Comm.* (1994), 69 Ohio St.3d 563, 565, 634 N.E.2d 1014, 1016. Claimant asks us to substitute the term "income" for the terms "wage" and "earnings." In so doing, claimant seeks to include the amount of "miscellaneous income"—which represents reimbursement for lodging, meals, and tool and trucking expenses—that his employer reported on federal tax form 1099. We decline this invitation.

{¶ 9} "Income" is not synonymous with "earnings" or "wages." Webster's Third New International Dictionary (1986) 714, defines "earnings" as "wages * * * earned as compensation for labor." Similarly, wages constitute "monetary remuneration by an employer * * * for labor or services." *Id*. at 2568. "Income," on the other hand, represents "a gain or recurrent benefit that is [usually] measured in money and for a given period of time, derives from capital, labor, or a combination of both." *Id*. at 1143. Income is a much broader term than "earnings" or "wages," and cannot, therefore, be used interchangeably.

{¶ 10} This is important, because the distinction in terms transforms claimant's proposal into a request that we read into a statute words that are not contained therein. This we cannot do. See *Carrel v. Allied Products Corp*. (1997), 78 Ohio St.3d 284, 288, 677 N.E.2d 795, 799. Claimant cites other Revised Code and Administrative Code sections that he claims refer more broadly to the concept

of income. Those provisions—most of which apply to unemployment, not workers' compensation—are, upon review, all inapplicable to the present case.

{¶ 11} Claimant also argues that nothing in R.C. 4123.61 directs the commission to exclude form 1099 "miscellaneous income" from the AWW calculation. That contention is, however, double-edged, since nothing in that provision demands or authorizes its inclusion. Again, R.C. 4123.61 explicitly refers to average weekly *wage,* not average weekly *income*.

{¶ 12} To hold as claimant advocates is inappropriate from a legal perspective, for to do so would permit the inclusion into the AWW calculation of dividends, interest, and other forms of income unrelated to claimant's job performance. This is clearly not what the General Assembly had in mind.

{¶ 13} We recognize that in some situations, lodging, meals, etc. can be part of the wage package. The commission acknowledged this, but found, in its order, that claimant did not present evidence that the disputed money was indeed gainful remuneration rather than simple reimbursement for expenses incurred by claimant. The commission was particularly interested in viewing claimant's 1040 form and its categorization of the disputed amount, but claimant did not submit that information.

{¶ 14} We find, therefore, that the commission did not abuse its discretion in failing to include claimant's form 1099 "miscellaneous income" in the computation of his AWW.

{¶ 15} Absent inclusion of "miscellaneous income" into his AWW, claimant alternatively asserts that the commission abused its discretion in using the revised calculation that it did. This is a difficult argument to analyze, for it is unclear what the claimant seeks.

{¶ 16} R.C. 4123.61 allows the commission to deviate from the standard AWW formula where there are "special circumstances" that render the traditional formula untenable. The commission, in this case, reset claimant's AWW by

multiplying claimant's $10 hourly wage by forty hours. Claimant argues that this calculation is unfair because during some weeks he worked less than forty hours. In the same breath, however, claimant then states that there were some weeks that he worked more than forty hours. Given these facts, the commission's decision to simply average these variations out to a forty-hour work week should not be considered an abuse of discretion.

{¶ 17} The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, J., dissents.

_____