IN MANDAMUS ON OBJECTIONS TO MAGISTRATE'S DECISION.
{¶ 1} Relator, Anthony Zingales, Sr., commenced this original action requesting a writ of mandamus that orders respondent Industrial Commission of Ohio to vacate its order exercising its continuing jurisdiction under R.C. 4123.52, recalculating relator's *Page 2 
average weekly wage, and applying that new calculation to future payments of compensation for permanent total disability compensation.
 {¶ 2} Pursuant to Civ. R. 53 and Section (M), Loc. R. 12 of the Tenth Appellate District, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law, which is appended to this decision. In her decision the magistrate determined "the commission has not abused its discretion by exercising its continuing jurisdiction to modify relator's [average weekly wage] and declaring a short period of overpayment." (Magistrate's Decision, ¶ 31.) Accordingly, the magistrate determined the requested writ should be denied.
 {¶ 3} Relator filed objections to the magistrate's conclusions of law, essentially rearguing those matters addressed in his brief. For the reasons set forth in the magistrate's decision, the objections are overruled.
 {¶ 4} Relator's objections first contend the commission did not have jurisdiction under R.C. 4123.52 to modify relator's average weekly wage rate. R.C. 4123.52 grants the commission continuing jurisdiction to correct a mistake of law. A mistake of law occurred here when the commission initially set relator's average weekly wage based on his gross earnings rather than his net earnings. See State ex rel. McDulinv. Indus. Comm. (2000), 89 Ohio St.3d 390. While relator suggests the magistrate's reliance on State ex rel. B C Machine Co. v. Indus.Comm. (1992), 65 Ohio St.3d 538 to support continuing jurisdiction is misplaced when the case is factually distinguishable, the commission properly notes the magistrate did not cite that case for its factual similarity, *Page 3 
but rather for the proposition that the commission may exercise continuing jurisdiction when its prior order contains a mistake of law.
 {¶ 5} Relator's objections next contend the Bureau of Workers' Compensation delayed unreasonably in seeking a change in relator's average weekly wage, noting the bureau "took over seven years to make an attempt to correct its alleged mistake." (Objections, 1.) The magistrate, however, appropriately distinguished the two cases relator cites to support his assertion.
 {¶ 6} Moreover, the factual circumstances of this case place the commission's decision within the range of its discretion. The bureau sought to have relator's average weekly wage recalculated approximately eight months after the commission granted relator's request for permanent total disability compensation. When the commission recalculated relator's average weekly wage, it primarily applied the recalculation prospectively. Had the commission applied the change in average weekly wage retroactively for the seven years between its initial determination of relator's average weekly wage and the bureau's motion to correct the mistake, relator's argument would be more persuasive. Indeed, the commission's decision allows the bureau to recoup only approximately two months of overpaid permanent total disability compensation; it does not purport to affect any of the other compensation relator has received from the date his average weekly wage initially was wrongly determined to the date it was recalculated. Under those circumstances, we cannot conclude the bureau abused its discretion in allowing the commission to seek a change in the average weekly wage based on mistake of law. *Page 4 
 {¶ 7} Relator's objections next contend laches should preclude the bureau's attempt to have relator's average weekly wage recalculated. To support his contentions, relator notes that he received compensation from August 3, 2000 until July 28, 2006 based on the initial calculation. Such facts only suggest relator received more than he was entitled because his average weekly wage initially was wrongly calculated. Relator then argues that the delay caused him difficulty in retrieving records that date back more than ten years. As the commission notes, the Schedule C forms used to recalculate the average weekly wage were already in relator's file, so he was not required to produce any other records to verify his income or business expenses.
 {¶ 8} Finally, relator's objections contend the magistrate erroneously concluded relator was not unduly harmed when the commission recalculated his average weekly wage. Relator asserts that, contrary to the magistrate's conclusion, "[r]elator's permanent total disability compensation going forward would also be affected by the recalculation of the wage rate." (Objections, 2.) As the magistrate properly pointed out, payment forward under the original average weekly wage rate would have produced a windfall for relator that is contrary to the holding inMcDulin. Being restricted to receiving the compensation mandated under law does not constitute undue harm in these circumstances.
 {¶ 9} Accordingly, relator's objections are overruled.
 {¶ 10} Following independent review pursuant to Civ. R. 53, we find the magistrate has properly determined the pertinent facts and applied the salient law to them. Accordingly, we adopt the magistrate's decision as our own, including the findings of fact *Page 5 
and conclusions of law contained in it. In accordance with the magistrate's decision, the requested writ is denied.
Objections overruled; writ denied.
BROWN and SADLER, JJ., concur. *Page 6 
 APPENDIX MAGISTRATE`S DECISION IN MANDAMUS {¶ 11} Relator, Anthony Zingales, Sr., has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order wherein the commission exercised its continuing *Page 7 
jurisdiction under R.C. 4123.52 and recalculated relator's average weekly wage ("AWW") and applied that new calculation to future payments of compensation.
Findings of Fact: {¶ 12} 1. Relator sustained a work-related injury on July 28, 1998 and his workers' compensation claim has been allowed for "contusion of knee, right; aggravation of preexisting degenerative arthritis of the right knee; sprain shoulder/arm, right shoulder; venous thrombosis, right; depressive psychosis — unspecified; complications due to joint prosthesis."
 {¶ 13} 2. Relator received medical benefits, temporary total disability ("TTD") compensation, permanent partial disability compensation, and permanent total disability ("PTD") compensation.
 {¶ 14} 3. In an order mailed November 7, 2000, the Ohio Bureau of Workers' Compensation ("BWC") mailed an order which set relator's AWW at $694.75 based on wage information submitted by relator. Specifically, relator submitted copies of his federal income tax returns for 1997 and 1998 which showed his gross income, business expenses, and net profit.
 {¶ 15} 4. All the compensation paid to relator had been based upon this determination.
 {¶ 16} 5. In January 2008, the BWC filed a motion requesting that the commission invoke its continuing jurisdiction under R.C. 4123.52 to modify and reduce relator's AWW. The BWC asserted that a clear mistake of law had occurred. Specifically, the BWC cited the Supreme Court of Ohio's decision in State ex rel. McDulin v. Indus. Comm. (2000), *Page 8 89 Ohio St.3d 390, and asserted that relator's gross earnings, including business expenses, had been improperly utilized to calculate his AWW when, instead, relator's net earnings should have been utilized to determine his AWW.
 {¶ 17} 6. The matter was heard before a staff hearing officer ("SHO") on March 5, 2008. The SHO granted the BWC's motion to recalculate relator's AWW as follows:
 Under the continuing jurisdiction provisions of ORC Section 4123.52, the Staff Hearing Officer assumes jurisdiction of this matter due to a mistake of law in the 11/07/2000 Bureau of Workers' Compensation order. The Staff Hearing Officer finds that the Bureau of Workers' Compensation set claimant's average weekly wage at $694.75 by totaling [sic] 1997 and 1998 gross business income and dividing by 104.
 The Staff Hearing Officer has relied upon the Ohio Supreme Court decision in State ex rel McDulin v. Industrial Commission of Ohio, 89 Ohio St.3d 390, 732 N.E. 2d 267 (2000) in finding that it was improper to set claimant's average weekly wage based upon his gross business income before expenses of advertising, vehicle expenses, depreciation, insurance, legal services, office expenses, supplies, taxes and licenses, utilities and other expenses. The Staff Hearing Officer finds that the proper determination of claimant's average weekly wage would be to take his net business profits from 1997 ($20,145) and 1998 ($24,780) totaling [sic] $44,925 and dividing by 104 weeks. Based upon the above, claimant's average weekly wage is adjusted to the figure of $431.97.
 {¶ 18} However, in order to prevent an undue burden from being placed on relator by this recalculation, the SHO declared that the overpayment would be effective as of January 28, 2008, the date the BWC filed its motion. Specifically, the SHO stated:
 The Staff Hearing Officer finds that it would be an undue burden on claimant to declare an overpayment in this claim from the first day that claimant began receiving compensation in this claim; however, the Staff Hearing Officer finds that claimant would be receiving a windfall if his *Page 9 
wages were not adjusted since he is receiving ongoing permanent and total disability compensation. Based upon the above, the effective date of the adjustment of claimant's average weekly wage is the 01/28/2008 date that the Bureau of Workers' Compensation filed this motion.
 {¶ 19} 7. Relator appealed and argued that the BWC had failed to produce any new evidence to justify the exercise of continuing jurisdiction and that the overpayment constituted an undue and unjust burden on him.
 {¶ 20} 8. Relator's motion for reconsideration was denied by order of the commission mailed May 24, 2008.
 {¶ 21} 9. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law: {¶ 22} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. State ex rel. Pressley v. Indus. Comm.
(1967), 11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. State ex rel. Elliott v. Indus. Comm. (1986), 26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State ex rel. Lewis v. Diamond FoundryCo. (1987), 29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. State ex rel. Teece v. Indus. Comm. (1981),68 Ohio St.2d 165. *Page 10 
 {¶ 23} In this mandamus action, relator asserts that the commission abused its discretion by exercising its continuing jurisdiction in recalculating his AWW. Relator argues that the BWC failed to present evidence of new and changed circumstances to warrant the commission's exercising its continuing jurisdiction. Further, relator argues that it was an abuse of discretion to exercise continuing jurisdiction over an order which had been issued seven years previously. For the reasons that follow, it is this magistrate's conclusion that this court should deny relator's request for a writ of mandamus.
 {¶ 24} Pursuant to R.C. 4123.52, "[t]he jurisdiction of the industrial commission and the authority of the administrator of workers' compensation over each case is continuing, and the commission may make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion is justified." In State exrel. B C Machine Co. v. Indus. Comm. (1992), 65 Ohio St.3d 538,541-542, the court examined the judicially-carved circumstances under which continuing jurisdiction may be exercised, and stated as follows:
 R.C. 4123.52 contains a broad grant of authority. However, we are aware that the commission's continuing jurisdiction is not unlimited. See, e.g., State ex rel. Gatlin v. Yellow Freight System, Inc. (1985), 18 Ohio St.3d 246 * * * (commission has inherent power to reconsider its order for a reasonable period of time absent statutory or administrative restrictions); State ex rel. Cuyahoga Hts. Bd. of Edn. v. Johnston (1979), 58 Ohio St.2d 132 * * * (just cause for modification of a prior order includes new and changed conditions); State ex rel. Weimer v. Indus. Comm. (1980), 62 Ohio St.2d 159 * * * (continuing jurisdiction exists when prior order is clearly a mistake of fact); State ex rel. Kilgore v. Indus. Comm. (1930), 123 Ohio St. 164
* * * (commission has continuing jurisdiction in cases involving fraud); State ex rel. Manns v. *Page 11 Indus. Comm. (1988), 39 Ohio St.3d 188 * * * (an error by an inferior tribunal is a sufficient reason to invoke continuing jurisdiction); and State ex rel. Saunders v. Metal Container Corp. (1990), 52 Ohio St.3d 85 * * * (mistake must be "sufficient to invoke the continuing jurisdiction provisions of R.C. 4123.52"). Today, we expand the list set forth above and hold that the Industrial Commission has the authority pursuant to R.C. 4123.52 to modify a prior order that is clearly a mistake of law. * * *
 {¶ 25} R.C. 4123.61 provides that an injured employee's AWW at the time of the injury is the basis upon which to compute benefits. The standard formula for determining AWW is to divide the claimant's earnings for the year preceding the injury by 52 weeks. See State exrel. Clark v. Indus. Comm. (1994), 69 Ohio St.3d 563. R.C. 4123.61
permits the commission to deviate from the standard AWW formula where there are "special circumstances" which render the traditional formula unjust.
 {¶ 26} In the present case, relator does not contend that the commission's adjustment of his AWW reached the wrong result. Instead, it is apparent that the BWC's original calculation of relator's AWW was incorrectly based upon his gross business income without deducting his business expenses. As such, the commission correctly applied the court's decision in McDulin and found that relator's AWW was incorrectly based upon his gross business income before the deduction of expenses for advertising, vehicle expenses, depreciation, insurance, legal services, office expenses, supplies, taxes and licenses, utilities, and other expenses. Relator contends that the BWC failed to present new and changed circumstances and failed to timely file the motion to adjust his AWW. Relator cites State ex rel. Gordon v. Indus. Comm. (1992),63 Ohio St.3d 469, and State ex rel. Smith v. Indus. Comm., 98 Ohio St.3d 16,2002-Ohio-7035, in support. *Page 12 
For the reasons that follow, the magistrate finds that those cases do not necessitate a finding that the commission abused its discretion in this case.
 {¶ 27} In Gordon, the court stated that the commission may be found to have abused its discretion where it fails to exercise continuing jurisdiction within a reasonable period of time. In that particular case, the BWC failed to appeal a commission order setting an overpayment amount not once, but twice, and then filed a motion to vacate the order approximately four years after its issuance. Further, inGordon, the claimant was in the process of repaying a certain amount of TTD compensation which the commission determined had been overpaid to him. The BWC requested the commission exercise its continuing jurisdiction in an effort to increase the amount of compensation the claimant would have to repay. The court noted that the record contained at least six different calculations concerning the overpayment and found that the BWC could not demonstrate a clear mistake of fact. Further, the court pointed out that the BWC had failed to appeal from two separate orders determining the overpayment and that the four-year delay was unreasonable.
 {¶ 28} In Smith, the claimant notified the BWC that he had potentially been overpaid TTD compensation because he had worked while receiving that compensation prior to an award of PTD compensation. Ultimately, the commission determined that all TTD and PTD compensation paid after June 1, 1992, had been overpaid, made a finding of fraud, and terminated further payments of PTD compensation.
 {¶ 29} The Supreme Court of Ohio ultimately granted a writ of mandamus in the claimant's favor. The court did find that a clear mistake of law was present — receipt of *Page 13 
both wages and total disability compensation for the same time period is contrary to law. However, the court concluded that continuing jurisdiction still must be exercised within a reasonable time and that reasonableness must be judged on a case-by-case basis.
 {¶ 30} In Smith, six years passed between the time the claimant notified the BWC of the overpayment before any action was taken by either the BWC or the commission. Thereafter, fours years passed between the granting of the PTD award to the claimant and the commission's renewed interest in the claimant's eligibility to that compensation. Given the evidence in the file before the PTD hearing and contemporaneous with the receipt of TTD compensation, the court concluded that the exercise of continuing jurisdiction was not timely.
 {¶ 31} The instant case is different from either of the above two cited cases. Here, a clear mistake of law does, indeed, exist: relator's AWW should have been based on his net income following deductions from his gross income. Further, receipt of compensation at an inflated rate based upon this miscalculation results in a windfall to relator. Furthermore, relator is not being asked to repay an overpayment stretching back several years. Instead, the commission confined the overpayment to a period of approximately two months. It is not an unjust burden to ask relator to repay this money given that he has been overpaid compensation for several years. Further, the magistrate finds that relator's argument that res judicata bars redetermination of his AWW is without merit. R.C. 4123.52 provides that the commission can exercise its continuing jurisdiction and may make such modification or change with respect to former findings or orders as, in its opinion, is justified. In the present case, an error was made and the commission has *Page 14 
limited the overpayment to a two month period. The magistrate finds that, after reviewing the particular facts of this case, the commission has not abused its discretion by exercising its continuing jurisdiction to modify relator's AWW and declaring a short period of overpayment. As such, this court should deny relator's request for a writ of mandamus. *Page 1