Lieghley, J.
The parties stood in reverse order in the court below and for convenience will be mentioned' herein as they there stood.
Elmer Patterson met his death on the 14th day of November, 1916, while in the employ of The Lake Shore Sawmill Company. The mill company had complied with the requirements of the Workmen’s Compensation Act. The plaintiff, mother of said deceased, made application to defendant for an award, which was denied by the defendant on the 16th day of February, 1917. A few days later notice of the action of the commission was given to *181 plaintiff by letter, which letter contained the following statement:
“If it is your desire to have the claim reopened after reading this statement of facts, upon notification we will send you the proper blank.”
On March 8 application for rehearing was filed with the defendant, which application was finally decided on March 23, 1917. The final decision of the commission took the form of an approval and affirmance of its former action. An appeal was taken to the court of common pleas April 19, 1917. Hearing thereof was thereafter had and resulted in a judgment for damages, attorney fees and costs, in favor of plaintiff, from which judgment error is prosecuted to this court by the defendant.
First, it is claimed in the briefs by defendant that the fatal injury was not received by the deceased in the course of his employment. This claim was not urged or insisted upon at the hearing.
Second, it is claimed that the appeal to the court of common pleas was not filed in time.
The act provides that the claimant shall file the appeal within thirty days after the notice of the final action of the board. Defendant claims that the entry of February 16 constituted the final action of the commission. The plaintiff claims that the rules promulgated by the commission provide for the filing of an application for rehearing within thirty days after final action of the board, that said application for rehearing was entertained by the commission and its final action thereon constitutes the order from which plaintiff should and did appeal.
*182 Rule 25 provides that an application for rehearing a claim may be filed within thirty days from' the date of the order and finding of the commission complained of, and that when filed a time and place for hearing the same with notice to the parties shall be fixed, and, if, on rehearing, it appears to the commission that substantial justice has not been done, it has then full power to modify its former order. The essential procedural requirements were complied with in this case for the rehearing.
Section 1465-91, General Code, permits liberality in the proceedings of the commission.
Section 1465-69, paragraph 3, confers authority upon the board of awards to change or modify its finding of facts at any time.
Viewing this case from the standpoint of what was done, in chronological order, and with regard to the provisions of the act and the rule above referred to, it seems to us that the appeal was taken in time by plaintiff, and that the order of March 23, 1917, is the final action of the board. Otherwise Rule 25 would be beneficial to no one, excepting that it might be used to mislead claimants to permit the statutory time for appeal to elapse.
It is suggested by defendant that unless the requirements of the statute are strictly enforced, and that if a claimant be permitted to file a motion for rehearing and the statute begin to run from the action of the commission thereon, a claimant would have the instrument in his hands to delay indefinitely the conclusion of such a matter before the board. With this claim we do not agree. Suppose an order is made by the board adverse to a claimant. Then the claimant has thirty days under the *183 rule to file an application for rehearing. Action on the application for rehearing is within the hands of the board, and if there be delay the blame therefor lies with the board. The rule affords the right to a claimant to file an application for a rehearing, and when a claimant avails himself of that right the statutory time of thirty days for perfecting an appeal begins to run from the date of the final action on the application for rehearing. At most, sixty days plus the time that intervened from the date of the application for a rehearing and the date of a decision thereon by the board would be the limit, within which an appeal would have to be perfected, applying the act and the rules promulgated by the board.
It is true that statutes conferring a right of appeal must be strictly complied with, and the decisions are to this effect. But this rule has been held in the main to apply to an appeal from an inferiof to a superior court. Such is not the case in this appeal. The functions of this board are administrative, and this is an appeal from an administrative board to a court. The appeal provided for in this act should be treated rather as the mode of removing a cause from an administrative to a judicial tribunal. State, ex rel. Yaple, v. Creamer, 85 Ohio St., 349, and Police v. The Industrial Commission, 23 C. C., N. S., 433, 435.

Judgment affirmed.

Grant and Dunlap, JJ., concur.