## INDUSTRIAL COMMISSION v. AHERN.

Ohio Appeals, 1st Dist., Hamilton Co.

No. 3094. Decided Jan. 3, 1928.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

**1283. WORKMEN'S COMPENSATION.**

Receipt of injuries, by an employee of a concern, contributing to the state insurance fund, which permitted such employee to be in another part of the concern than that of employment, does not preclude participation in insurance fund.

**631. INDUSTRIAL COMMISSION.**

Oral application for rehearing of application to participate in state insurance fund is sufficient to start the proceeding for rehearing; hence a petition filed but not signed will not defeat application if filed.

**85. APPEAL.**

Appeal to action of industrial commission denying application to participate in insurance fund is sufficient if filed in Common Pleas Court within thirty days from final notice refusing compensation.

**631. INDUSTRIAL COMMISSION.**

Industrial commission has power to adopt rules, for branch offices, for rehearing of applications to participate in state insurance and courts may take judicial notice thereof.

**1235. VERDICTS.**

Jury, on appeal to action of industrial commission refusing compensation to applicant, having made special finding of facts and special verdicts for medical services, hospital charges, and loss of wages, verdict for lump sum in accord with special verdicts is not erroneous.

Error to Common Pleas.
Judgment affirmed.

Edward C. Turner, Atty. Gen. and Clarence A. Dorger, Spec. Couns., Cincinnati, for Industrial Commission.

Dinsmore, Shohl & Sawyer and F. B. McConaughy, Cincinnati, for Ahern.

STATEMENT OF FACTS.

This case arises out of a claim by Nanie Ahern for compensation under the Workmen's Compensation Law.

Compensation was refused by the Industrial Commission, and an application for re-hearing was denied. Claimant, thereupon, filed an appeal in the Court of Common Pleas. The trial on the appeal resulted in a verdict and judgment for the claimant. From that judgment, the Industrial Commission proscutes error here.

Four specifications of error are presented.

1. Error in overruling the motion to strike the amended petition from the files, on the ground that the appeal was not properly perfected and filed as required by law.

2. Error in permitting the jury to return a verdict for a lump sum.

3. Error in overruling the motion to strike from the amended petition allegations of hospital and medical expenses in a sum in excess of two hundred dollars.

4. Error in defining the phrase: "In the course of and arising out of employment."

It appears from the record that on April 14, 1925, the claimant sustained an injury while in the employ of The H. & S. Pogue Company, which company is a contributor to the State Insurance Fund; that while so employed, she was permitted a little time to go to another part of the store, to select a rug for herself. While doing so, she received a fall resulting in a fracture of both wrists, which occasioned loss of time and medical and hospital bills.

Application for compensation was made to the Industrial Commission, claiming the right to participate in the State Insurance Fund. This application was disallowed on September 22, 1925, on the ground that the injury was not sustained in the course of the employment. And, on September 24, 1925, the claimant was so notified. Twenty-nine days later, to-wit on October 23, 1925, the claimant filed an application for rehearing in the branch office of the Industrial Commission in the Duttenhofer Building, in Cincinnati, Ohio. This application for re-hearing was stamped on the records at the main office in Columbus, Ohio, as of November 3, 1925. The application for a rehearing was disallowed, and claimant was notified on November 19, 1925. The appeal was filed and the action brought in the Court of Common Pleas December 3, 1925.

It appears that on April 14, 1925, an application was filled out by the claimant and sent to the Industrial Commission shortly thereafter. The application was not signed by the claimant. On May 6, following, the Industrial Commission returned the application for her signature.

Sometime in June, 1925, a second application was sent to the Industrial Commission, signed with the mark of the claimant. This application was returned to the claimant with instructions: "that the claim be set aside until the proper signature of the injured person is obtained and the employer and others interested so notified."

HAMILTON, PJ.

It is in the record that a signed application was submitted; it appearing to have been signed under date of July 8, 1925, and sent to the Industrial Commission of Ohio. Just when the Industrial Commission received this application, the record does not disclose. However that may be, under our view of the law, as pronounced in the case of W. S. Tyler Co. v. Rebic, a Cuyahoga County case, decided November 28, 1927, the claim was filed prior to the effective date of the amendment to the Workmen's Compensation Law of July 15, 1925. In the Rebic case we held, and we think properly so, that an oral application was sufficient to start a proceeding. In this case, written applications were made, although not signed by claimant in her own name, and were filed prior to the date in question, to-wit: July 15, 1925.

We also held in the Rebic case that the filing of the claim was the commencement of a proceeding, and, under Section 26 of the General Code, the amended law would not apply, but the proceeding would carry through under the law as it existed prior to the amendment. Therefore, it was necessary to file the appeal in the Court of Common Pleas within thirty days from notice of the final action of the Commission, refusing compensation. The question is: When was the final action taken?

The Industrial Commission is empowered by the statutes to maintain branch offices and adopt rules and regulations not inconsistent with the statutes, and such rules are a part of the law applicable to the administration of the law, and of which the courts take judicial notice. While it is true, the statute prior to July 15, 1925, did not provide for a re-hearing, the Commission adopted rules applicable in administering the law. It adopted Rule 22, entitled "Re-hearing."

The application of this rule as affecting the right of appeal was before the Cuyahoga County Court of Appeals in the case of Industrial Commission of Ohio v. Patterson, 12 Ohio App. 180, also in the case of Industrial Commission of Ohio v. Glenn, 101 Ohio St. 454.

These decisions settle the question, and are in accord with our view of the law that Rule 22 was within the power of the commission to make, and, under that rule, final action was deferred until after the re-hearing, and that the thirty day limitation in the statute dates from the notice of that action.

This appeal, having been filed in the Court of Common Pleas on the 29th day from the receipt of the notice of the final action on the application for rehearing, the appeal was properly filed.

That the application for re-hearing was filed in the Branch Office of the Industrial Commission in Cincinnati, and not at the main office in Columbus, we do not consider important.

Error is claimed in permitting the jury to return a verdict for a lump sum and make an allowance for hospital and medical services in excess of $200.

In the special verdicts the jury found the amount of the hospital services to be $234.00, and the amount of medical services to be $210.00. These two items make a total of $444.00. The evidence disclosed loss of wages for a period of eight weeks. While the general verdict gives a total of $561.36, it appears that this sum was made up from the special findings under the law and instructions of the court, within the provision of the statute. No prejudice could result from the fact that the general verdict stated a lump sum, which general verdict was in accord with the special findings and judgment.

It is argued that under Section 1465-89, General Code, compensation for hospital and medical services is limited to the sum of $200.00.

The jury made special findings of fact on the question of medical and hospital services, finding that this was an unusual case and that it was clearly shown that the actually necessary hospital and medical expenses exceeded the sum of $200.00; it apportioned the amount of hospital services at $234.00, and the amount of medical services at $210.00. So that under the law and the special finding of facts, the jury was authorized to return a verdict for medical and hospital services in excess of the sum of $200.00.

It is argued that the injury did not arise out of, and in the course of the employment, and that the court erroneously charged on this point.

We are of opinion from the record that there was evidence upon which the jury could find that the injury arose out of and in the course of the employment, within the rule laid down in the case of Taylor v. Industrial Commission of Ohio, 13 Ohio App. 262, and the Court did not err in its instruction to the jury.

Our conclusion is that there is no error in the record, prejudicial to the plaintiff in error.

The judgment of the Court of Common Pleas is affirmed.

(Mills and Cushing, JJ., concur.)