**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Neitzelt v. Indus. Comm.*, Slip Opinion No. 2020-Ohio-1453.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-1453

THE STATE EX REL. NEITZELT, APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLANTS.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Neitzelt v. Indus. Comm.*, Slip Opinion No. 2020-Ohio-1453.]**

*Workers' compensation—R.C. 4123.52—Continuing jurisdiction of the Industrial Commission—Under the plain language of R.C. 4123.52(A), the Industrial Commission did not abuse its discretion by invoking its continuing jurisdiction after the time for an appeal under R.C. 4123.512(A) had passed—Court of appeals' judgment reversed and writ of mandamus denied.*

(No. 2019-1102—Submitted February 11, 2020—Decided April 15, 2020.)

APPEAL from the Court of Appeals for Franklin County, No. 18AP-152, 2019-Ohio-2579.

_____

**Per Curiam.**

{¶ 1} Appellant Industrial Commission granted the request of appellee, Christina Neitzelt, to add an L4-L5 disc herniation as an allowed condition in her workers' compensation claim. Subsequently, after Neitzelt had back surgery, the commission granted the request of her employer, appellant Vitas Healthcare Corporation of Ohio, to exercise continuing jurisdiction and disallow the L4-L5 disc herniation from Neitzelt's claim, based on evidence arising from the surgery. The Tenth District Court of Appeals granted Neitzelt's request for a writ of mandamus ordering the commission to vacate its order, because that court concluded that the commission's exercise of its continuing jurisdiction was untimely and therefore improper. The commission and Vitas appealed.

{¶ 2} We reverse the Tenth District's judgment. And because we find that under the "some evidence" standard, the commission did not abuse its discretion, we deny the writ.

## I. FACTUAL AND PROCEDURAL BACKGROUND

{¶ 3} Neitzelt injured her back at work in July 2015. Her workers' compensation claim was initially allowed for three conditions. In December 2015, Neitzelt moved to amend her claim to add an L4-L5 disc herniation as an allowed condition, based on the opinions of Drs. Nicolas Grisoni and Martti E. Kahkonen that Neitzelt's September 2015 MRI showed an L4-L5 disc herniation resulting from her work injury.

{¶ 4} In February 2016, Neitzelt underwent an independent medical examination conducted by Michael J. Griesser, M.D., and in April 2016, a district hearing officer ("DHO") granted Neitzelt's request to add the L4-L5 disc herniation to her claim. In June 2016, a staff hearing officer ("SHO") affirmed the DHO's decision. On June 29, 2016, the commission refused to further consider the employer's appeal.

{¶ 5} Neitzelt had back surgery in December 2016. Dr. Grisoni's operative report did not mention an L4-L5 disc herniation among Neitzelt's preoperative or postoperative diagnoses or in the description of procedures performed. Neitzelt sought to have "failed back surgery syndrome" added to her claim as an allowed condition. In October 2017, she underwent an independent medical examination by Dr. Michael J. Rozen to obtain his opinion about whether she suffered from that condition and, if so, whether it was related to her work injury. Dr. Rozen opined that Neitzelt did suffer from failed-back-surgery syndrome but that the condition was not related to her work injury. Relying on Dr. Grisoni's operative report, Dr. Rozen explained that Neitzelt's 2016 surgery was performed for three nonallowed conditions unrelated to the work injury. Dr. Rozen continued, "[s]he was not identified at time of surgery to have the condition of L4-5 disc herniation and no surgery was performed on the L4-5 intervertebral disc."

{¶ 6} On October 27, 2017—16 months after the condition had been allowed—Neitzelt's employer asked the commission to invoke its continuing jurisdiction to vacate the allowance of the L4-L5 disc herniation as part of her claim, citing Dr. Rozen's report and Dr. Grisoni's operative report. In December 2017, a DHO granted this request, exercising continuing jurisdiction on the basis of new and changed circumstances, specifically, "the surgeon determined that the Injured Worker does not have an L4-L5 disc herniation." The DHO therefore disallowed Neitzelt's claimed L4-L5 disc herniation as an allowed condition.

{¶ 7} In January 2018, an SHO affirmed the DHO's order. The SHO stated, "[T]he Employer has met the burden to prove both new and changed circumstances and a clear mistake of fact." The SHO relied on the reports of Drs. Rozen and Grisoni and in particular on Dr. Rozen's statement that at the time of surgery, Neitzelt was not identified to have had the condition of an L4-L5 disc herniation. The SHO concluded that Neitzelt did not have an L4-L5 disc herniation causally

related to her industrial injury. In February 2018, the commission refused to consider further appeals.

{¶ 8} In March 2018, Neitzelt filed a petition for a writ of mandamus in the Tenth District Court of Appeals asking that court to direct the commission to vacate the order in which it had exercised continuing jurisdiction and disallowed the L4-L5 disc herniation from her claim. Neitzelt asserted that the commission abused its discretion and that its decision was contrary to law and not supported by some evidence. The magistrate recommended that the court find no abuse of discretion and deny the writ. 2019-Ohio-2579, ¶ 2. Neitzelt objected. The Tenth District agreed with Neitzelt that the commission had abused its discretion in exercising continuing jurisdiction to disallow the L4-L5 disc herniation from her claim. *Id.* at ¶ 3.

{¶ 9} Specifically, the court noted that under R.C. 4123.512(A), the commission's April 2016 order allowing an L4-L5 disc herniation as part of Neitzelt's claim was appealable to the court of common pleas within 60 days. The court then concluded that the commission's continuing jurisdiction ceased after the statutory 60-day appeal period had lapsed and that the commission's exercise of continuing jurisdiction in 2018 was therefore improper. The Tenth District granted Neitzelt a writ of mandamus ordering the commission to vacate its order exercising continuing jurisdiction and any subsequent orders based on the commission's decision to exercise continuing jurisdiction.

## II. ANALYSIS

### A. Mandamus Standard

{¶ 10} Mandamus relief is appropriate only if the relator establishes "a clear legal right to the relief requested, a clear legal duty on the part of the commission * * * to provide the relief, and the lack of an adequate remedy in the ordinary course of the law." *State ex rel. Baker v. Indus. Comm.*, 143 Ohio St.3d 56, 2015-Ohio-1191, 34 N.E.3d 104, ¶ 12. In matters before it, the commission is the exclusive

4

evaluator of the weight and credibility of the evidence. *State ex rel. LTV Steel Co. v. Indus. Comm.*, 88 Ohio St.3d 284, 287, 725 N.E.2d 639 (2000). Therefore, "[t]o be entitled to an extraordinary remedy in mandamus, the relator must demonstrate that the [commission] abused its discretion by entering an order not supported by any evidence in the record." *State ex rel. WFAL Constr. v. Buehrer*, 144 Ohio St.3d 21, 2015-Ohio-2305, 40 N.E.3d 1079, ¶ 12. The relator must make that showing by clear and convincing evidence. *Id.* Because Neitzelt's complaint challenges the commission's decision to exercise its continuing jurisdiction—a decision that is not appealable to the court of common pleas under R.C. 4123.512(A)—she lacks an adequate remedy at law. *State ex rel. Belle Tire Distribs., Inc. v. Indus. Comm.*, 154 Ohio St.3d 488, 2018-Ohio-2122, 116 N.E.3d 102, ¶ 18, 32.

### B. Timeliness of Continuing Jurisdiction

{¶ 11} R.C. 4123.52(A) provides, "The jurisdiction of the industrial commission * * * over each case is continuing, and the commission may make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion is justified." This continuing jurisdiction is limited and may be invoked only when there is evidence of "(1) new and changed circumstances, (2) fraud, (3) clear mistake of fact, (4) clear mistake of law, or (5) error by [an] inferior tribunal." *State ex rel. Nicholls v. Indus. Comm.*, 81 Ohio St.3d 454, 458-459, 692 N.E.2d 188 (1998); *see also Tantarelli v. Decapua Ents., Inc.*, 156 Ohio St.3d 258, 2019-Ohio-517, 125 N.E.3d 850, ¶ 15.

{¶ 12} In *Belle Tire* at ¶ 24, this court explained:

R.C. 4123.512[(A)] authorizes a claimant or an employer to appeal an order of the commission to a court of common pleas when the order grants or denies the *right to participate* in the workers' compensation system. * * * Once the right to participate for a specific condition is recognized, no subsequent rulings in the

proceeding are appealable except one that terminates the right to participate.

(Emphasis added.) An appeal to the court of common pleas must be initiated within 60 days after the date that the commission's decision was received. R.C. 4123.512(A).

{¶ 13} In this case, the Tenth District held that if a commission order involves the right to participate and is therefore appealable to the court of common pleas under R.C. 4123.512(A), the commission's ability to exercise its continuing jurisdiction under R.C. 4123.52 ceases 60 days after the order was issued, regardless of the existence of any of the five criteria set forth above. 2019-Ohio-2579 at ¶ 4, citing *State ex rel. Prayner v. Indus. Comm.*, 2 Ohio St.2d 120, 206 N.E.2d 911 (1965); *Todd v. Gen. Motors Corp.*, 65 Ohio St.2d 18, 417 N.E.2d 1017 (1981); *State ex rel. Gatlin v. Yellow Freight Sys., Inc.*, 18 Ohio St.3d 246, 249, 480 N.E.2d 487 (1985). The commission and Vitas argue that in so holding, the Tenth District erred. Neitzelt does not defend the Tenth District's specific holding and instead argues that after the 60-day period to appeal elapsed, the matter is res judicata but may be reopened on a showing of one of the five criteria justifying the exercise of continuing jurisdiction. She argues that Vitas failed to establish any of those criteria in this case.

{¶ 14} We hold that under the plain language of R.C. 4123.52(A), the commission did not abuse its discretion by invoking its continuing jurisdiction in this case after the time for an appeal under R.C. 4123.512(A) had passed. The Tenth District's conclusion to the contrary was error, as the authority it relied on—dicta in *Prayner*, *Todd*, and *Gatlin*—failed to account for the difference between an administrative agency's inherent authority to reconsider its decisions until the time for an appeal has passed and the commission's express statutory authority

under R.C. 4123.52(A) to exercise jurisdiction over cases before it on a continuing basis.

### 1. R.C. 4123.52

{¶ 15} R.C. 4123.52(A) contains a clear and broad grant of continuing jurisdiction to the commission. The statute incorporates some temporal limitations: it provides that no modification, change, finding, or award shall be made "with respect to disability, compensation, dependency, or benefits" after five years from (1) the date of the last payment of medical benefits or compensation, (2) the date of injury if no benefits have been paid, or (3) the date of death. R.C. 4123.52(A). But R.C. 4123.52(A) does not prohibit the commission from exercising continuing jurisdiction over appealable issues after the time for an appeal under R.C. 4123.512(A) has expired.

{¶ 16} In *Indus. Comm. v. Dell*, 104 Ohio St. 389, 135 N.E. 669 (1922), this court was asked to determine whether, under former G.C. 1465-86—a prior but materially identical version of R.C. 4123.52(A)—the commission had properly exercised continuing jurisdiction over a right-to-participate decision that had been made one year earlier and that was appealable to the court of common pleas. *Dell* at 390-394; *see also* former G.C. 1465-90 (predecessor section to R.C. 4123.512(A)).[1] This court observed that G.C. 1465-86 contained a clear, unambiguous, and general grant of power to the commission to revoke an award based on facts affecting the claimant's right to participate. *Dell* at 396, 398. We held:

> By authority of the continuing jurisdiction conferred by section 1465-86, General Code, the Industrial Commission may

---

1. In 1917, G.C. 1465-90 provided only a 30-day window in which to file an appeal to the court of common pleas. *See Indus. Comm. v. Patterson*, 12 Ohio App. 180, 31 Ohio C.A. 261 (8th Dist.1918).

revoke an award theretofore made, upon ascertainment of any facts going to the basis of the claimant's right, *whenever in its opinion such revocation is justified*.

(Emphasis added.) *Id*. at paragraph one of the syllabus. Under this rule, we concluded that the commission had acted within its authority when it exercised its continuing jurisdiction over the appealable issue in *Dell*. *Id*. at 399.

{¶ 17} The current statute grants continuing jurisdiction to the commission in language that is as broad, clear, and unambiguous as it was in 1922. The version of G.C. 1465-86 at issue in *Dell* stated, "The powers and jurisdiction of the [commission] over each case shall be continuing, and it may from time to time make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion may be justified." The current version of R.C. 4123.52(A) states, "The jurisdiction of the industrial commission * * * over each case is continuing, and the commission may make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion is justified."[2]

{¶ 18} No less now than in 1922, the plain language of R.C. 4123.52(A) grants the commission broad authority to exercise its continuing jurisdiction, regardless of the availability of an R.C. 4123.512(A) appeal. The commission may exercise its continuing jurisdiction whenever one or more of the five criteria justifying it is established, subject to (1) the temporal limitations set forth in R.C. 4123.52(A), (2) the rule that the filing of an appeal or an action in mandamus terminates the commission's continuing jurisdiction, *see State ex rel. Rodriguez v.*

---

2. The phrase "from time to time" was dropped from the statute in 1953, when the General Code was recodified as the Revised Code. 1953 Am.H.B. No. 1, Section 1, R.C. 4123.52. But at that time, the legislature specifically stated that its intent was to not make any substantive changes to the law. Former R.C. 1.24, 1953 Am.H.B. No. 1.

*Indus. Comm.*, 67 Ohio St.3d 210, 213, 616 N.E.2d 929 (1993), and (3) the rule that the commission must exercise its continuing jurisdiction within a reasonable amount of time given the facts of each particular case.[3]  Under this standard, the Tenth District erred by finding that the commission abused its discretion simply because it exercised its continuing jurisdiction more than 60 days after it had allowed the L4-L5 disc herniation as part of Neitzelt's claim.

### 2. *Prayner*, *Todd*, and *Gatlin*

{¶ 19} The cases cited by the Tenth District in support of its erroneous conclusion have their root in a 1962 liquor-control-board case, *Diltz v. Crouch*, 173 Ohio St. 367, 182 N.E.2d 315 (1962).  In *Diltz*, this court held that the liquor-control board had jurisdiction over its decisions until the institution of an appeal or the expiration of the time for an appeal.  *Id*. at 369.  In so holding, this court *distinguished* orders of the commission from orders of the liquor-control board, stating:

> Undoubtedly the General Assembly can confer on the Board of Liquor Control a *continuing jurisdiction* over its orders *as it has done in the case of the Industrial Commission*.  Section 4123.52, Revised Code.  But until that action is taken by the General Assembly, this court is not disposed to find in the legislative enactment something that the legislative authority has not provided for.

---

3.  We have generally held that the last requirement means a reasonable amount of time after the discovery of the facts justifying the exercise of continuing jurisdiction, *see State ex rel. Smith v. Indus. Comm.*, 98 Ohio St.3d 16, 2002-Ohio-7035, 780 N.E.2d 1012, ¶ 14; *State ex rel. Baker Material Handling Corp. v. Indus. Comm.*, 69 Ohio St.3d 202, 207, 631 N.E.2d 138 (1994); *State ex rel. Gordon v. Indus Comm.*, 63 Ohio St.3d 469, 472, 588 N.E.2d 852 (1992), citing *Gatlin*, 18 Ohio St.3d 246, 480 N.E.2d 487.  Neitzelt does not argue that the time was unreasonable, and Vitas acted within ten days of Dr. Rozen's report.

(Emphasis added.) *Id*. at 370.

{¶ 20} The cases that the Tenth District cited, however, overlooked this distinction and restated *Diltz*'s holding in cases involving the commission. This court's opinion in *Prayner*, 2 Ohio St.2d 120, 206 N.E.2d 911, consisted of one sentence: "The Industrial Commission has control over its orders until the actual institution of an appeal therefrom or until the expiration of the time for such an appeal." And this court's opinion in *Todd*, 65 Ohio St.2d at 19, 417 N.E.2d 1017, repeated *Prayner*'s mistake. And in *Gatlin*, this court held, "Regardless of the existence of a legislatively prescribed court appeal, the Industrial Commission has *inherent power* to reconsider its order for a reasonable period of time absent statutory or administrative regulations restricting the exercise of reconsideration." (Emphasis added.) 18 Ohio St.3d at syllabus, 480 N.E.2d 487, citing *Todd*. Thus, each of these cases overlooked *Diltz*'s distinction between an administrative agency's *inherent* power and the commission's express *statutory* power.

{¶ 21} Moreover, in *Prayner*, *Todd*, and *Gatlin*, the statements implying that the commission would lack control over its order *after* the time for filing an appeal were unnecessary to those decisions. *Prayner* and *Todd* both involved exercises of continuing jurisdiction that occurred *within* the 60-day appeal period. *Prayner* at 120 (affirming the denial of a request for writ vacating the exercise of continuing jurisdiction); *Todd* at 20. And *Gatlin* involved an exercise of continuing jurisdiction over an issue that was *not appealable* to the court of common pleas. *Id*. at 247-249.

{¶ 22} We distinguish as dicta and disapprove the statements in *Prayner*, *Todd*, and *Gatlin* regarding the commission's ability to exercise its continuing jurisdiction over appealable issues after the time for an appeal to the court of common pleas has expired. *See Denison Univ. v. Bd. of Tax Appeals*, 2 Ohio St.2d 17, 28, 205 N.E.2d 896 (1965) (distinguishing and disapproving dicta, while overruling holdings in other cases).

### C. Grounds for Continuing Jurisdiction

{¶ 23} Having concluded that the commission's exercise of its continuing jurisdiction was timely, we proceed to consider Neitzelt's claim that the commission abused its discretion when it found that Vitas established both new or changed circumstances and a mistake of fact. In making this determination, we apply a deferential standard: we will not order the commission to vacate its decision if the decision is supported by some evidence. *State ex rel. Seibert v. Richard Cyr, Inc.*, 157 Ohio St.3d 266, 2019-Ohio-3341, 134 N.E.3d 1185, ¶ 17. Evaluation of the weight and credibility of the evidence is the exclusive province of the commission, which " 'has substantial leeway in both interpreting and drawing inferences from the evidence before it.' " *Id*. at ¶ 30, quoting *State ex rel. Lawson v. Mondie Forge*, 104 Ohio St.3d 39, 2004-Ohio-6086, 817 N.E.2d 880, ¶ 34.

{¶ 24} We find that some evidence before the commission supports its conclusion that the June 2016 determination that Neitzelt had suffered from a disc herniation was a mistake of fact: (1) Dr. Grisoni's December 2016 operative report, which did not refer to a disc herniation in its description of Neitzelt's pre- and postoperative diagnoses and its list of procedures performed and (2) Dr. Rozen's report, which stated that Neitzelt "was not identified at time of surgery to have the condition of L4-5 disc herniation and no surgery was performed on the L4-5 intervertebral disc."

{¶ 25} Neitzelt challenges this evidence by arguing that the reports do not expressly state that there was no disc herniation in 2015 or 2016. She argues that it was "preposterous" and an exercise of "fallacious logic" for the commission to conclude from the reports that Neitzelt never suffered from that condition. But Neitzelt's argument goes to the weight and credibility of the evidence, which is within the commission's exclusive dominion. As noted, the commission has substantial leeway in drawing inferences from the evidence before it. *Seibert* at ¶ 30. We must therefore refrain from second-guessing the commission's apparent

inference, based on Dr. Rozen's report, that if Neitzelt had suffered from a herniated disc, that condition would have been addressed in Dr. Grisoni's operative report.

**{¶ 26}** We also reject Neitzelt's argument that the surgical evidence does not constitute new and changed circumstances because Vitas or the commission could have discovered it at the time of the original determination in June 2016, *see State ex rel. Knapp*, 134 Ohio St.3d 134, 2012-Ohio-5379, 980 N.E.2d 987, ¶ 18 ("continuing jurisdiction is not appropriate * * * when the claimed new evidence was readily discoverable at the time of the award"). As Vitas points out, the decision to have surgery (which occurred in December 2016) was entirely within Neitzelt's control—neither Vitas nor the commission could have obtained the information made available by the occurrence of the surgery prior to December 2016.

**{¶ 27}** Accordingly, we conclude that the commission did not abuse its discretion by concluding that Vitas established the existence of a mistake of fact.

### III. CONCLUSION

**{¶ 28}** For these reasons, we reverse the Tenth District's judgment and deny the writ.

Judgment reversed
and writ denied.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

_____

Hochman & Plunkett Co., L.P.A., Gary D. Plunkett, and Shelee M. Busch, for appellee.

Dave Yost, Attorney General, and Kevin J. Reis, Assistant Attorney General, for appellant Industrial Commission.

Crabbe, Brown & James, L.L.P., and John C. Albert, for appellant Vitas Healthcare Corporation of Ohio.

_____