[Cite as *State ex rel. Cincinnati v. Indus. Comm.*, 2023-Ohio-3638.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. City of Cincinnati, | : | |
| Relator, | : | No. 21AP-702 |
| v. | : | (REGULAR CALENDAR) |
| Industrial Commission of Ohio et al., | : | |
| Respondents. | : | |

D E C I S I O N

Rendered on October 5, 2023

**On brief:** *Dinsmore & Shohl LLP*, *Brian P. Perry*, and *Anthony V. Jagoditz*, for relator. **Argued:** *Anthony V. Jagoditz.*

**On brief:** *Dave Yost*, Attorney General, and *Cindy Albrecht*, for respondent Industrial Commission of Ohio. **Argued:** *Cindy Albrecht.*

**On brief:** *Connor*, *Kimmet & Hafenstein LLP*, and *Karen D. Turano*, for respondent Joseph C. Conley. **Argued:** *Karen D. Turano.*

IN MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

LUPER SCHUSTER, J.

{¶ 1} Relator, City of Cincinnati ("Cincinnati"), initiated this original action requesting this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order exercising continuing jurisdiction to allow the workers' compensation claim of claimant, Joseph C. Conley, for thyroid cancer

and to reinstate the August 31, 2021 order of the staff hearing officer ("SHO") denying the claim.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this court referred the matter to a magistrate. The magistrate issued the appended decision, including findings of fact and conclusions of law. The magistrate determined the commission properly exercised continuing jurisdiction when it identified a clear mistake of law in the SHO's order because the medical evidence cited by the SHO was not legally sufficient to rebut the statutory presumption in R.C. 4123.68(X). Thus, the magistrate recommends we deny Cincinnati's request for a writ of mandamus.

{¶ 3} Cincinnati filed objections to the magistrate's decision. Therefore, we must independently review the decision to ascertain whether "the magistrate has properly determined the factual issues and appropriately applied the law." Civ.R. 53(D)(4)(d). Cincinnati does not challenge the magistrate's recitation of the pertinent facts; however, Cincinnati objects to the magistrate's conclusion that the SHO's order contained a clear mistake of law such that the commission properly invoked its continuing jurisdiction. More specifically, Cincinnati argues the SHO's order did not contain a clear mistake of law and that the magistrate improperly reweighed the evidence.

{¶ 4} A brief summary of the factual circumstances is pertinent to our discussion. As set forth more fully in the magistrate's decision, Conley was diagnosed with thyroid cancer while working as a firefighter for Cincinnati. Conley filed an application for workers' compensation benefits, and a district hearing officer ("DHO") denied the claim, finding Cincinnati had successfully rebutted the presumption in R.C. 4123.68(X)(1) that a firefighter contracted cancer in the course of and arising out of his employment. On appeal, the SHO affirmed the DHO's order.

{¶ 5} Though the commission initially refused further appeal, Conley filed a request for reconsideration based on a clear mistake of law. In a December 2, 2021 order, the commission exercised its continuing jurisdiction and found there was a clear mistake of law in the SHO's order. Specifically, the commission found the SHO's reliance on two reports of Dr. Rafid Kakel was insufficient to rebut the presumption under R.C. 4123.68(X)(1) that Conley's thyroid cancer was contracted in the course of and arising out of his employment as a firefighter, because the reports did not show, by a preponderance

of competent scientific evidence, that exposure to the type of carcinogen alleged did not or could not have caused Conley's thyroid cancer. Thus, the commission granted Conley's request for reconsideration and allowed Conley's claim for thyroid cancer. Cincinnati then initiated the instant action in mandamus.

{¶ 6} To be entitled to a writ of mandamus, Cincinnati must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967). A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. *State ex rel. Elliott v. Indus. Comm.*, 26 Ohio St.3d 76, 78-79 (1986). But when the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. *State ex rel. Lewis v. Diamond Foundry Co.*, 29 Ohio St.3d 56, 58 (1987).

{¶ 7} The commission's power to reconsider a previous decision derives from its general grant of continuing jurisdiction under R.C. 4123.52. *State ex rel. Royal v. Indus. Comm.*, 95 Ohio St.3d 97, 99 (2002). The commission may exercise continuing jurisdiction when one of the following prerequisites is present: "(1) new and changed circumstances, (2) fraud, (3) clear mistake of fact, (4) clear mistake of law, or (5) error by an inferior tribunal." *State ex rel. Gobich v. Indus. Comm.*, 103 Ohio St.3d 585, 2004-Ohio-5990, ¶ 14. Here, the commission identified a purported clear mistake of law as the basis for its continuing jurisdiction. Because we agree with the commission that the SHO committed a clear mistake of law in its application of R.C. 4123.68(X), the commission did not abuse its discretion in exercising its continuing jurisdiction on that basis.

{¶ 8} As the magistrate notes, R.C. 4123.68(X) sets forth a rebuttable presumption that "[c]ancer contracted by a firefighter who has been assigned to at least six years of hazardous duty as a firefighter constitutes a presumption that the cancer was contracted in the course of and arising out of that firefighter's employment if the firefighter was exposed to" certain carcinogens. R.C. 4123.68(X)(1). As relevant here, the employer can rebut the presumption in R.C. 4123.68(X)(1) through "evidence that shows, by a preponderance of competent scientific evidence, that exposure to the type of carcinogen alleged did not or could not have caused the cancer being alleged." R.C. 4123.68(X)(2)(b).

{¶ 9} We agree with the magistrate that the commission properly exercised its continuing jurisdiction based on a clear mistake of law because the medical evidence cited by the SHO was not legally sufficient to rebut the statutory presumption in R.C. 4123.68(X). Specifically, the commission found that Dr. Kakel's reports did not find, by a preponderance of competent scientific evidence, that exposure to the type of carcinogens here did not or could not have caused Conley's thyroid cancer. Instead, we agree with the magistrate that while Dr. Kakel's reports contained his opinion of possible causation based on his interpretation of scientific articles, neither of the articles Dr. Kakel relied on made any direct conclusions about the exposure to the pertinent carcinogens and the causation of Conley's thyroid cancer. Although Dr. Kakel opined that Conley's exposure to the carcinogens may not have been the cause of Conley's thyroid cancer, Dr. Kakel's report did not show by a preponderance of competent scientific evidence that Conley's exposure to the carcinogens *did not or could not have* caused Conley's thyroid cancer. Thus, because Cincinnati put forth insufficient evidence to rebut the statutory presumption in R.C. 4123.68(X), the SHO's order contained a clear mistake of law.

{¶ 10} Additionally, we do not agree with Cincinnati that the magistrate improperly reweighed the evidence. Instead, the magistrate merely summarized the evidence before the commission and determined, correctly, that the evidence was legally insufficient to meet the statutory standard that the evidence must show by a preponderance of competent scientific evidence that exposure to the carcinogens did not or could not have caused Conley's thyroid cancer. Accordingly, we overrule Cincinnati's objections to the magistrate's decision, and Cincinnati is not entitled to a writ of mandamus. We note, however, the magistrate's decision contains an unartfully worded statement that "[t]he commission could have reasonably found within its wide discretion that the evidence presented by the employer was insufficient." (Appended Mag. Decision at ¶ 33.) Though the commission has discretion to invoke its continuing jurisdiction, we are mindful that the commission's exercise of continuing jurisdiction is limited to certain circumstances. *State ex rel. Neitzelt v. Indus. Comm.*, 160 Ohio St.3d 175, 2020-Ohio-1453, ¶ 11, quoting *State ex rel. Nicholls v. Indus. Comm.*, 81 Ohio St.3d 454, 459 (1998) ("continuing jurisdiction is limited and may be invoked only when there is evidence of '(1) new and changed circumstances, (2) fraud, (3) clear mistake of fact, (4) clear mistake of law, or (5)

error by [an] inferior tribunal' "). Here, because the evidence was legally insufficient to rebut the statutory presumption, the commission correctly applied the statutory presumption in R.C. 4123.68(X) and exercised its continuing jurisdiction based on a clear mistake of law in the SHO's order. Thus, to avoid possible confusion, we strike that sentence from the magistrate's decision.

{¶ 11} Following our independent review of the record pursuant to Civ.R. 53, we find the magistrate correctly determined Cincinnati is not entitled to the requested writ of mandamus. Accordingly, we adopt the magistrate's findings of fact and, as outlined above, we adopt the magistrate's conclusions of law as modified. Therefore, we overrule Cincinnati's objections to the magistrate's decision and deny the request for a writ of mandamus.

*Objections overruled*;
*writ of mandamus denied.*

EDELSTEIN and LELAND, JJ., concur.

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. City of Cincinnati, | : | |
| Relator, | : | |
| v. | : | No. 21AP-702 |
| Industrial Commission of Ohio et al., | : | (REGULAR CALENDAR) |
| Respondents. | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on June 12, 2023

*Dinsmore & Shohl LLP*, *Brian P. Perry*, and *Anthony V. Jagoditz*, for relator.

*Dave Yost*, Attorney General, and *Cindy Albrecht*, for respondent Industrial Commission of Ohio.

*Connor, Kimmet & Hafenstein LLP*, and *Karen D. Turano*, for respondent Joseph C. Conley.

IN MANDAMUS

{¶ 12} Relator, City of Cincinnati ("employer"), has filed this original action requesting that this court issue a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its order exercising continuing jurisdiction and issue an order denying continuing jurisdiction.

Findings of Fact:

{¶ 13} 1. On October 28, 2020, respondent, Joseph C. Conley ("claimant"), was diagnosed with thyroid cancer while working as a firefighter for the employer, for whom he had worked since 2008.

{¶ 14} 2. On February 9, 2021, claimant filed an application for workers' compensation benefits. Accompanying his application was a January 4, 2021, C-265 Presumption of Causation for Firefighter Cancer, in which claimant indicated he was exposed to each of the 16 group 1 or 2A carcinogens, as well as another carcinogen, PAH. Claimant also indicated that he had been assigned to hazardous duty as a firefighter for the employer from October 19, 2008, to the present.

{¶ 15} 3. At the request of the employer, Rafid Kakel, M.D., reviewed claimant's application and various medical records. In his April 22, 2021, report, Dr. Kakel found the following: (1) the only well-established risk factor for the development of thyroid cancer is exposure to ionizing radiation, particularly in childhood (citing the article "Nonradiation Risk Factors for Thyroid Cancer in the U[.]S[.] Radiologic Technologists Study," from the American Journal of Epidemiology); (2) it is unclear whether claimant has any past history of significant exposure to ionizing radiation; (3) positive family history is also a risk factor; however, the medical records do not describe any family history of thyroid cancer; (4) many cases of thyroid cancer develop without any known risk factor; (5) there is insufficient evidence to attribute the alleged condition of thyroid cancer to the claimant's occupation as a firefighter by way of direct causation; (6) review of the medical literature does not support a causal relationship between working as a firefighter and developing thyroid cancer; and (7) research has been done regarding thyroid cancer in World Trade Center-exposed firefighters, with one study noting that no chemical substance has been consistently associated with thyroid cancer in humans and previously reported excess thyroid cancer rates among fire department World Trade Center-exposed firefighters are likely associated with overdiagnosis owing to medical surveillance (citing the article "Evaluation of Medical Surveillance and Incidence of Post-September 11, 2001, Thyroid Cancer in World Trade Center-Exposed Firefighters and Emergency Medical Service Workers," from JAMA Internal Medicine.).

{¶ 16} 4. In a July 1, 2021, addendum report, Dr. Kakel found the following: (1) exposures to group 1 and 2A carcinogens would not be expected to cause claimant's thyroid cancer; (2) although claimant was exposed to group 1 carcinogens as a firefighter, there is insufficient evidence to support that this exposure is associated with the development of thyroid cancer; (3) the only well-established risk factor for the development of thyroid cancer is exposure to ionizing radiation, particularly in childhood; (4) many cases of thyroid cancer develop without any known risk factor; (5) review of the medical literature does not support a causal relationship between working as a firefighter and developing thyroid cancer; (6) claimant's exposure to cigarettes, tobacco products, or other conditions do not present a high risk for the development for thyroid cancer so as to have been a significant factor in the cause or progression of the thyroid cancer; and (7) there was sufficient evidence that claimant was exposed to group 1 carcinogens, including coal, indoor emissions from household combustion; coal gasification; coal-tar distillation; and coal-tar pitch.

{¶ 17} 5. Claimant's request to have his claim allowed for thyroid cancer was referred to the commission for a hearing, and, after the hearing, a district hearing officer ("DHO") denied claimant's claim in a July 21, 2021, order, finding the following: (1) claimant has met the requirements of R.C. 4123.68(X)(1) and a presumption exists that his thyroid cancer was contracted in the course of his employment; (2) however, the employer has presented medical evidence in the form of an opinion from Dr. Kakel, who found the medical literature does not support claimant's thyroid cancer diagnosis was caused by his work as a firefighter; (3) Dr. Kakel's opinion constitutes evidence to rebut the presumption as provided in R.C. 4123.68(X)(2)(b); (4) the application is denied and the claim is disallowed; and (5) the order is based on the April 22 and July 1, 2021, reports of Dr. Kakel. Claimant appealed.

{¶ 18} 6. After a hearing before a staff hearing officer ("SHO"), the SHO affirmed the DHO's order in an August 31, 2021, order, finding the following: (1) claimant's application is denied; (2) claimant failed to satisfy his burden of proving by a preponderance of the evidence that he sustained an injury or contracted an occupational disease in the course of and arising out of his employment; (3) it is uncontested that claimant satisfied the requirements of R.C. 4123.68(X), and he was diagnosed with thyroid

cancer; (4) a statutory presumption exists that claimant's thyroid cancer was contracted in the course of and arising out of his employment as a firefighter; (5) however, the employer rebutted the statutory presumption; (6) Dr. Kakel found the medical literature did not support a causal relationship between working as a firefighter and developing thyroid cancer; and (7) the SHO relies on Dr. Kakel's April 22 and July 1, 2021, reports, the medical records, R.C. 4123.68(X), and claimant's testimony. Claimant appealed.

{¶ 19} 7. In a September 22, 2021, order, the commission refused further appeal.

{¶ 20} 8. Claimant filed a request for reconsideration based on a mistake of law, which the commission granted on October 8, 2021.

{¶ 21} 9. After a hearing, the commission issued an order on December 2, 2021. Commissioners James M. Hughes and Daniel J. Massey voted to exercise the commission's continuing jurisdiction, found there was a clear mistake of law in the SHO's order, granted claimant's request for reconsideration, vacated the SHO's order, and allowed the claim for thyroid cancer. Commissioner Karen L. Gillmor dissented. The majority found the following: (1) the medical evidence cited by the SHO was not legally sufficient to rebut the statutory presumption in R.C. 4123.68(X); (2) the evidence satisfies the two prerequisites, under R.C. 4123.68(X)(1), for the establishment of a rebuttable statutory presumption that claimant's cancer was contracted in the course of and arising out of his employment as a firefighter; (3) the commission relies on the January 4, 2021, C-265 Presumption of Causation for Firefighter Cancer, certifying claimant was assigned hazardous duty from October 19, 2008, to the present, which is a period of at least six years; and was exposed to group 1 or 2A carcinogens; (4) the rebuttable statutory presumption is applicable pursuant to R.C. 4123.68(X)(3); (5) the presumption established under R.C. 4123.68(X)(1) has not been rebutted by additional evidence pursuant to R.C. 4123.68(X)(2); specifically, the April 22 and July 1, 2021, reports from Dr. Kakel fall short of showing by a preponderance of competent scientific evidence that exposure to the type of carcinogen alleged did not or could not have caused the cancer being alleged, as required by R.C. 4123.68(X)(2)(b); and (6) Dr. Kakel stated although claimant was exposed to type 1 carcinogens during his work as a firefighter, there is insufficient evidence to support claimant's exposure is associated with the development of thyroid cancer. In dissenting, Commissioner Gillmor found the following: (1) the

majority's exercise of continuing jurisdiction was merely a re-weighing of the evidence; (2) it was not a clear mistake of law for the SHO to find the presumption rebutted by the April 22 and July 1, 2021, reports of Dr. Kakel; (3) Dr. Kakel reviewed medical literature and cited to studies regarding research on the development of thyroid cancer in firefighters and found the medical literature does not support a causal relationship between working as a firefighter and developing thyroid cancer; (4) Dr. Kakel noted that the only well-established risk factor for the development of thyroid cancer is exposure to ionizing radiation, particularly in childhood, and many cases of thyroid cancer develop without any known risk factor; (5) Dr. Kakel also cited a study finding there is no chemical substance that has been consistently associated with the development of thyroid cancer; (6) the SHO weighed the persuasiveness and sufficiency of the reports from Dr. Kakel and determined those reports sufficiently rebutted the presumption; and (7) there was no clear mistake of law of such character that remedial action would follow in the SHO order, and the commissioner would deny claimant's request for reconsideration.

**{¶ 22}** 10. On December 29, 2021, the employer filed the instant mandamus action, requesting that this court vacate the commission's order that exercised continuing jurisdiction and allowed the claim for thyroid cancer.

<u>Conclusions of Law and Discussion</u>:

**{¶ 23}** The magistrate recommends that this court deny the employer's request for a petition for writ of mandamus.

**{¶ 24}** In order for this court to issue a writ of mandamus, a relator must ordinarily show a clear legal right to the relief sought, a clear legal duty on the part of the respondent to provide such relief, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967).

**{¶ 25}** A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order that is not supported by any evidence in the record. *State ex rel. Elliott v. Indus. Comm.*, 26 Ohio St.3d 76 (1986). On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. *State ex rel. Lewis v. Diamond Foundry Co.*, 29 Ohio St.3d 56 (1987). Furthermore, questions of

credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. *State ex rel. Teece v. Indus. Comm.*, 68 Ohio St.2d 165 (1981).

{¶ 26} Pursuant to R.C. 4123.52, "[t]he jurisdiction of the industrial commission and the authority of the administrator of workers' compensation over each case is continuing, and the commission may make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion is justified." R.C. 4123.52(A) contains a clear and broad grant of continuing jurisdiction to the commission. *State ex rel. Neitzelt v. Indus. Comm.*, 160 Ohio St.3d 175, 2020-Ohio-1453, ¶ 15. However, that jurisdiction is conditioned on specific criteria: (1) new and changed circumstances; (2) fraud; (3) clear mistake of fact; (4) clear mistake of law; or (5) error by an inferior tribunal. *State ex rel. Nicholls v. Indus. Comm.*, 81 Ohio St.3d 454, 459 (1998).

{¶ 27} A clear mistake of law exists when the hearing officer applies the wrong law to the facts in the administrative record. *State ex rel. Waste Mgt. of Ohio, Inc. v. Indus. Comm.*, 10th Dist. No. 19AP-453, 2021-Ohio-2478, ¶ 45, citing *State ex rel. McNea v. Indus. Comm.*, 131 Ohio St.3d 408, 2012-Ohio-1296, ¶ 10.

{¶ 28} R.C. 4123.68(X) provides:

> (1) Cancer contracted by a firefighter: Cancer contracted by a firefighter who has been assigned to at least six years of hazardous duty as a firefighter constitutes a presumption that the cancer was contracted in the course of and arising out of the firefighter's employment if the firefighter was exposed to an agent classified by the international agency for research on cancer or its successor organization as a group 1 or 2A carcinogen.
>
> (2) The presumption described in division (X)(1) of this section is rebuttable in any of the following situations:
>
> (a) There is evidence that the firefighter's exposure, outside the scope of the firefighter's official duties, to cigarettes, tobacco products, or other conditions presenting an extremely high risk for the development of the cancer alleged, was probably a significant factor in the cause or progression of the cancer.
>
> (b) There is evidence that shows, by a preponderance of competent scientific evidence, that exposure to the type of

carcinogen alleged did not or could not have caused the cancer being alleged.

(c) There is evidence that the firefighter was not exposed to an agent classified by the international agency for research on cancer as a group 1 or 2A carcinogen.

(d) There is evidence that the firefighter incurred the type of cancer alleged before becoming a member of the fire department.

(e) The firefighter is seventy years of age or older.

(3) The presumption described in division (X)(1) of this section does not apply if it has been more than fifteen years since the firefighter was last assigned to hazardous duty as a firefighter.

(4) Compensation for cancer contracted by a firefighter in the course of hazardous duty under division (X) of this section is payable only in the event of temporary total disability, working wage loss, permanent total disability, or death, in accordance with division (A) or (B)(1) of section 4123.56 and sections 4123.58 and 4123.59 of the Revised Code.

(5) As used in division (X) of this section, "hazardous duty" has the same meaning as in 5 C.F.R. 550.902, as amended.

{¶ 29} In the present case, the employer first argues that the commission improperly exercised continuing jurisdiction when it allowed the claim for thyroid cancer. The employer contends that in support of denying the claim for thyroid cancer, the SHO correctly found that the employer rebutted the presumption in R.C. 4123.68(X)(1) by submitting the April 22 and July 1, 2021, reports from Dr. Kakel; Dr. Kakel relied on medical documents and medical literature; and Dr. Kakel opined that the medical literature did not support a causal relationship between working as a firefighter and developing thyroid cancer. The employer asserts that the commission had to find a clear mistake of law to exercise continuing jurisdiction but, instead, merely cited a different interpretation of the evidence and improperly reweighed the evidence. The employer points out that the commission never indicates what the alleged error of law was, but states

only that Dr. Kakel's reports fall short of showing that exposure to the carcinogens did not or could not have caused the cancer being alleged.

{¶ 30} The magistrate disagrees with the employer's arguments. The commission identified a clear mistake of law: the medical evidence cited by the SHO was not legally sufficient to rebut the statutory presumption in R.C. 4123.68(X). Specifically, the commission determined that the April 22 and July 1, 2021, reports from Dr. Kakel fall short of showing by a preponderance of competent scientific evidence that exposure to the type of carcinogen alleged did not or could not have caused the cancer being alleged, as required by R.C. 4123.68(X)(2)(b). This deficiency identified by the commission is not a mistake of fact. The misapplication of the rebuttable presumption in R.C. 4123.68(X)(2)(b) is a mistake of law. The commission did not disagree factually, per se, with Dr. Kakel's reports. Instead, the commission found that Dr. Kakel's findings do not rise to the requisite legal standard necessary to rebut the statutory presumption in R.C. 4123.68(X). Whether the commission was correct in concluding such, is the subject of the employer's second argument, addressed below. Therefore, the commission did not abuse its discretion when it found the SHO's decision contained a clear mistake of law sufficient to invoke continuing jurisdiction.

{¶ 31} The employer's second argument is that the SHO correctly applied R.C. 4123.68(X)(2)(b), and the commission misapplied the rebuttable presumption. The employer asserts that the April 22 and July 1, 2021, file reviews from Dr. Kakel constitute competent scientific evidence that thyroid cancer did not and could not have been caused by claimant's duties as a firefighter. The employer claims the evidence rebutted the presumption afforded to claimant under R.C. 4123.68(X)(1), and there was no report from a physician or scientist stating that the thyroid cancer was caused by claimant's employment. The employer contests claimant's argument that Dr. Kakel's reports are based merely on opinion rather than competent scientific evidence, given Dr. Kakel formed his opinion based on studies both specific to firefighters and thyroid cancer. Furthermore, the employer points out that claimant sought to fault Dr. Kakel's reports because he does not provide evidence that the carcinogens alleged to have been encountered by claimant did not or could not have caused his thyroid cancer, given Dr. Kakel does not address every one of the enumerated carcinogens listed in form C-265;

however, Dr. Kakel referenced the fact that studies have shown there is no chemical substance that has been associated with the development of thyroid cancer in humans, aside from ionizing radiation during childhood. Thus, the employer asserts, there is no need for Dr. Kakel to discuss each and every carcinogen when the studies make it clear that there are no chemicals claimant was exposed to that could have contributed to the development of thyroid cancer. Dr. Kakel having rebutted the presumptions, argues the employer, claimant was required to meet his reciprocal burden of proving his thyroid cancer was causally related to his employment, but he failed to do so.

{¶ 32} The magistrate finds the employer's argument unpersuasive. The commission correctly applied the rebuttable presumption in R.C. 4123.68(X)(1) and (2)(b). The commission did not abuse its discretion when it found Dr. Kakel's report did not, by a preponderance of competent scientific evidence, find that exposure to group 1 and 2A carcinogens did not or could not have caused claimant's thyroid cancer. Dr. Kakel did provide a medical opinion that exposure to group 1 and 2A carcinogens would not be expected to cause claimant's thyroid cancer. However, Dr. Kakel's medical opinion alone cannot be said to rise to the level of a preponderance of competent scientific evidence. Thus, the issue comes down to what competent scientific evidence the employer presented to show that exposure to group 1 and 2A carcinogens did not or could not have caused claimant's thyroid cancer, and did the employer show that such competent scientific evidence constituted a preponderance of evidence. The only evidence the employer presented to the commission was the evidence relied on by Dr. Kakel in forming his opinion. Dr. Kakel relied on two articles: "Nonradiation Risk Factors for Thyroid Cancer in the U[.]S[.] Radiologic Technologists Study," from the American Journal of Epidemiology; and "Evaluation of Medical Surveillance and Incidence of Post-September 11, 2001, Thyroid Cancer in World Trade Center-Exposed Firefighters and Emergency Medical Service Workers," from JAMA Internal Medicine. Commissioners Hughes and Massey found that Dr. Kakel's April 22 and July 1, 2021, reports fall short of showing by a preponderance of competent scientific evidence that exposure to the type of carcinogen alleged did not or could not have caused the cancer being alleged, as required by R.C. 4123.68(X)(2)(b).

{¶ 33} The magistrate agrees that these two articles do not establish that exposure to group 1 and 2A carcinogens did not or could not have caused claimant's thyroid cancer. First, it should be noted that the record does not contain the actual articles cited by Dr. Kakel. Based on the summary portrayal by Dr. Kakel, the article "Nonradiation Risk Factors for Thyroid Cancer in the U[.]S[.] Radiologic Technologists Study" does not relate to firefighters exposed to the group 1 and 2A carcinogens listed in claimant's C-265 form; thus, its applicability to the facts at hand is not direct. As for the article, "Evaluation of Medical Surveillance and Incidence of Post-September 11, 2001, Thyroid Cancer in World Trade Center-Exposed Firefighters and Emergency Medical Service Workers," Dr. Kakel described its findings as being that no chemical substance has been "consistently" associated with thyroid cancer in humans, and previously reported excess thyroid cancer rates among fire department World Trade Center-exposed firefighters are "likely" associated with overdiagnosis owing to medical surveillance. The commission could have found that the less-than-certain conclusions in this single article do not rise to the level of a preponderance of competent scientific evidence showing that exposure to group 1 and 2A carcinogens did not or could not have caused claimant's thyroid cancer. Although this article does suggest support for the employer's attempt to rebut the presumption in R.C. 4123.68(X)(1), it does not conclude that group 1 and 2A carcinogens "did not" cause or "could not" have caused claimant's thyroid cancer. The commission could have reasonably found within its wide discretion that the evidence presented by the employer was insufficient. Therefore, the magistrate finds that the commission correctly applied the rebuttable presumption in R.C. 4123.68(X), and the employer's second argument is without merit.

{¶ 34} Accordingly, it is the magistrate's recommendation that this court should deny the employer's petition for writ of mandamus.

/S/ MAGISTRATE
THOMAS W. SCHOLL III

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.